IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff,

vs.                                                                                          No. CR 09-2053 JB

JOSE HERNANDEZ,

      Defendant.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court on the Defendant's Sentencing Memorandum, filed September 24, 2012 (Doc. 52)("Sentencing Memorandum"). The Court held a hearing on September 26, 2012. The primary issue is whether the Court should grant Defendant Jose Hernandez' request for a sentence of 3 months imprisonment followed by 6 months of electronic monitoring with substance abuse treatment. For reasons stated on the record at the hearing and for further reasons stated herein, the Court will deny his request and sentence him to 6 months imprisonment, followed by two years of supervised release.

**PROCEDURAL BACKGROUND**

Hernandez filed a Sentencing Memorandum for the Court's review and consideration to aid the Court in arriving at a fair, just, and reasonable sentence in accordance with 18. U.S.C. § 3553(a) and United States v. Booker, 543 U.S. 220 (2005). See Sentencing Memorandum at 1. Hernandez asserts that he has been struggling with a drug problem for a number of years and continues to struggle to this day. See id. at 1. Hernandez asserts that he was in an intensive substance abuse program, but the longer he was sober the less intense his treatment became, and he eventually

returned to marijuana. See id. at 2. Upon his initial violation of the terms of his supervised release, Hernandez was placed in the La Pasada Halfway House in Albuquerque, New Mexico, in January of this year, but he left because he felt the environment was pushing him to use drugs. See id. at 2. Upon leaving La Pasada, Hernandez obtained employment, and learned that he and his girlfriend are expecting their first child. See id. at 2. Hernandez asserts that this news has motivated him to stay focused, sober, and keep working. See Sentencing Memorandum at 2. Hernandez requests a sentence of 3 months incarceration followed by 6 months of electronic monitoring coupled with intense substance abuse treatment, so that he may be involved in the pre-natal raising of his child and may work to support his child. See Sentencing Memorandum at 2.

The Court held a sentencing hearing for Hernandez on September 26, 2012. See Transcript of hearing, taken September 26, 2012 ("Tr.").[1] The Court noted that Hernandez had allegedly violated three conditions of his supervised release: (i) that he submit to regular drug testing; (ii) that he successfully complete an outpatient substance-abuse treatment program; and (iii) that he would report any contact he had with a law enforcement officer to his probation officer within seventy-two hours. See Tr. at 2:17-3:22 (Court). The Court informed Hernandez that the maximum term of imprisonment to which he may be sentenced for his alleged violations is three years, as the most serious violation which he allegedly committed is a class C felony. See Tr. at 4:18-19 (Court). The Court informed Hernandez that the guidelines sentence for Hernandez' violation is six to twelve months, and Hernandez told the Court that he understood. See Tr. at 5:3-8 (Court, Hernandez).

Hernandez pled guilty to the alleged violations at the hearing. See Tr. at 5:22-8:21 (Court, Defendant, Loonam, Braun). Hernandez spoke to the Court in support of his Sentencing

---

[1]The Court's citations to the transcript of the hearing refer to the court reporter's original, unedited version. Any final transcript may contain slightly different page and/or line numbers.

Memorandum.  See Tr. at 9:6-13 (Court, Loonam).  Hernandez asserted that he is coming to grips with difficult experiences from his childhood, particularly that his father "sort of" abandoned him when he was seven years old.  Tr. at 9:19-21 (Loonam).  Hernandez stated that he has an anger problem and that he left La Pasada after having served twenty-seven days of his assigned thirty days when he got "mad at his situation."  Tr. at 10:5-7 (Loonam).  Hernandez asserted that when he left the halfway house, he got a job and committed no new crimes.  See Tr. at 10:8-11.  Hernandez stated that now that he will be a father, he knows he needs anger management therapy.  See Tr. at 10:10-15 (Loonam).  Hernandez admitted that his anger causes him to have conflict with authority, and he stated that he is starting to recognize that he causes his own problems.  See Tr. at 11:5-7 (Loonam).  Hernandez asserted that he wants to not use drugs.  See Tr. at 13:2-4 (Loonam).  Hernandez thus requested the Court to impose a sentence of 3 months incarceration so that he may "prove himself" and take responsibility for his behavior in a different way, by taking the opportunity to rehabilitate and educate himself.  Tr. at 11:22-12:9 (Loonam).  Hernandez asserted that he would be residing at his mother's home, a "controlled environment," which would help him deal with his drug problem.  Tr. at 12:14-20 (Loonam).  He also wants to be there for his baby.  Hernandez addressed the Court directly at the hearing, stating: "I have been a selfish person and self-centered.  I have an eleven year old daughter, [a] softball player and I have a newborn on the way, and I just want a chance to be there and ask for forgiveness and your mercy."  Tr. at 14:2-7 (Hernandez).

       The Court finds that Hernandez violated the conditions of supervised release by testing positive for marijuana and failing to attend required drug testing and counseling, and failing to notify the United States Probation Office that he had law enforcement contact.  The Court has reviewed the violation report and the factors set forth in 18 U.S.C. § 3553(a)(1)-(7) in fashioning this sentence.  The Court has also determined under U.S.S.G. § 7B1.1 that the most serious violation

to which Hernandez admitted guilt is a grade C violation. Hernandez' criminal history category if IV. With a violation grade of C and a criminal history category of IV, the guidelines imprisonment range is 6 to 12 months.

The Court finds that a sentence in the guideline range is appropriate. In arriving at its sentence, the Court has taken into account not only the guidelines but other sentencing goals as well. Specifically, the Court has considered the guideline sentencing range established for the applicable category of defendant, and after careful consideration for the defendant's arguments and the Sentencing Memorandum, the Court believes that the punishment set forth in the guidelines is appropriate for this sort of offense.

The Court is particularly concerned about Hernandez' history of noncompliant behavior. Although this revocation hearing is the first time that Hernandez has been before the Court for violations of his supervised release, the violation report informs the Court that Hernandez has been struggling since January, 2012. The Court notes that Hernandez' probation officer has been working with him, but that alone does not seem to be effective. The Court does not believe that Hernandez' proposed sentence really addresses his drug problem. The Court notes that, if Hernandez has had problems with halfway houses, it is not clear that any home, even his mother's, is going to provide the structure Hernandez needs to overcome his drug problem. The Court is not comfortable releasing Hernandez within a month, as he requests. While the Court is expressly not using incarceration for rehabilitation -- a prohibited purpose -- it is using incarceration to emphasize to Hernandez that he has to obey every condition of supervised release: all are important to his transition to society.

The Court originally thought it should incarcerate further into the guideline limit, *i.e.*, 8 months, because Hernandez has not performed well on supervised release for many months, and

could have been violated earlier: accordingly the Court does not believe that it should go below the guidelines range. On the other hand, because of recent rehabilitation efforts, the Court believes that a sentence of 6 months incarceration is appropriate. The Court will sentence at the low end of the range of the guidelines, and with 2 months credit for the time Hernandez has already been in custody, he will effectively be serving four more months, not just one more. The Court believes that a sentence of 6 months, which will be reduced by the 2 months Hernandez has been in custody, is adequate to reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence -- both at a specific and a general level -- protect the public, and because it is a guidelines sentence, it avoids unwarranted sentencing disparity among defendants with similar records who have been found guilty of similar conduct. The conditions of Hernandez' supervised release will effectively provide him with some needed education, training, and care to help Hernandez overcome his drug problems. The Court finds that this sentence fully and effectively reflects each of the factors embodied in 18 U.S.C. § 3553(a), and is reasonable and sufficient, without being greater than necessary to comply with the purposes of punishment set forth in Sentencing Reform Act of 1984, Pub. L. No. 98-473, 98 Stat. 1987 (codified as amended in scattered sections of 18 U.S.C.).

**IT IS ORDERED** that: (i) Defendant Jose Hernandez' proposed sentence of 3 months incarceration followed by 6 months of electronic monitoring, requested in his Sentencing Memorandum, filed September 24, 2012 (Doc. 52) is denied; and (ii) Hernandez is sentenced to 6 months incarceration, followed by two years of supervised release.

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

James C. Loonam
  Assistant Federal Public Defender
Federal Public Defender's Office
Albuquerque, New Mexico

*Attorney for the Defendant*

Kenneth J. Gonzales
  United States Attorney
James R.W. Braun
  Assistant United States Attorney
United States Attorney's Office
Albuquerque, New Mexico

*Attorneys for the Plaintiff*